OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed in all respects, without costs.
On the appeal by petitioners in the proceeding instituted to invalidate the designating petition of Gonzalez, Silva and Velez we affirm the order of the Appellate Division which modified the order of Supreme Court to the extent of reversing the invalidation and granting ancillary incidental relief. Following the institution of the invalidation proceeding there was testimony presented before the referee by three subscribers of the challenged designating petition that the subscribing witness, Silva, himself a candidate on the petition, at the same time he obtained their signatures on the petition had also obtained their signatures on registration forms — the filing of which was a necessary prerequisite to their eligibility to subscribe a designating petition. Dates stamped on the registration cards at the time they were filed with the Board of Elections, which were earlier than the dates annexed to the signatures on the petition, indicated that the latter signatures had been postdated. The trial court concluded that the candidate Silva had participated in the postdating and by reason of that fraudulent conduct invalidated all of the otherwise valid 91 signatures which the referee found had been obtained by the candidate.
While in some instances misconduct of a candidate soliciting signatures on designating petitions might be of such character or magnitude as to warrant an inference that similar misconduct permeated other signatures obtained by him, we agree with the Appellate Division that this has not been shown to be such a case. Whether to draw an inference of permeation would usually be a question of fact (cf. Matter *814 of Ruiz v McKenna, 40 NY2d 815). Here the Appellate Division made no different factual findings than did Special Term with respect to the postdating of the three signatures on the petition (and for that reason there is no merit to petitioners’ assertion that the Appellate Division was powerless to reverse the judgment of the trial court without a transcript of the hearing held by it before confirmation of the referee’s report); however, it found that conduct alone insufficient to support an inference of permeation such as to invalidate all the signatures procured by Silva. In view, inter alia, of the small number of proved incidents of postdating, we conclude that the determination of the Appellate Division more nearly conforms to the weight of the evidence.
Petitioners’ contention that an examination of petition sheets circulated by Silva, other than those containing the three signatures already discussed, and of the registration forms of the signers of those sheets demonstrates that signatures on those sheets were also postdated was rejected by both courts below. Such rejection, based as it was on factual determinations, is now beyond the scope of our review.
With respect to the appeal by petitioners in the proceeding instituted to invalidate the designating petition of Rivera, Ortiz and Feuer, the arguments advanced are addressed entirely to resolutions of factual issues concerning conduct surrounding the procurement of designating petition signatures and residence qualifications of one of the candidates and of certain subscribing witnesses, and to inferences contended for by petitioners but rejected in total by the trial court and the Appellate Division. In view of our limited jurisdiction, such arguments are of no avail.
For the reasons stated, the order of the Appellate División should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Appeal taken as of right by petitioners Quinones and others dismissed, without costs, upon the ground that it does not lie as of right (CPLR 5601). Motion by petitioners Quinones and others for leave to appeal granted. Order affirmed, without costs, in a memorandum.